**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILTON LOMBARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:26-cv-0006-P** |
| | § | |
| **GERALD HINDY,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 5, 2026, *pro se* Plaintiff Wilton Lombard filed a civil complaint, which was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 4. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Wilton Lombard is the plaintiff. He names Gerald Hindy and Assemblies of God Financial Services as defendants.

C.   LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* (IFP). *See* 28 U.S.C. §§ 1914, 1915. When Plaintiff filed his complaint, he filed a long-form IFP application. ECF No. 2. But the Court determined that it was deficient because Plaintiff did not complete all sections of the

form. On January 6, the Court ordered Plaintiff to cure this deficiency within 30 days by either paying $405 to the clerk of Court or filing a complete amended long-form IFP application. ECF No. 6. The Court provided Plaintiff a copy of the IFP form necessary to comply and warned him that failure to do so could result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

The deadline for Plaintiff to cure his deficiency has not yet expired.  However, the Court's January 6 order, along with the Court's "Instructions to a Non-Prisoner *Pro Se* Plaintiff," both of which were mailed to Plaintiff at the address he provided on his complaint, were recently returned to the Court as undeliverable. ECF Nos. 7, 8. To date, Plaintiff has not notified the Court of his new mailing address, which is required, or otherwise attempted to communicate with the Court about this case. *See* N.D. Tex. Civ. R. 83.13, 83.14.

Because Plaintiff has not paid the filing fee, obtained permission to proceed with IFP, or provided the Court with a proper mailing address, this case is subject to dismissal for lack of prosecution under Rule 41(b).

<u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* FED. R. CIV. P. 41(b).

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

It is so **ORDERED** on February 3, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE